# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Hiram Lewis,**
**Third-Party Plaintiff Below, Petitioner**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0464** (Clay County 12-C-29)

**Jim Samples, Prosecutor of Clay County,**
**Third-Party Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hiram Lewis, an attorney proceeding in his own interest, appeals the order of the Circuit Court of Clay County, entered April 4, 2013, that dismissed with prejudice his third-party complaint against the Prosecuting Attorney of Clay County. Respondent Jim Samples, Prosecuting Attorney of Clay County, by counsel Stuart A. McMillian and Jared T. Moore, filed a response.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner shot Steven Bogart in the leg on June 13, 2012, in what petitioner alleged was self defense. However, respondent brought criminal charges against petitioner for the shooting. Petitioner was subsequently found not guilty.

Mr. Bogart also filed a civil action against petitioner for damages he allegedly suffered as a result of the June 13, 2012 incident. During the course of that action, petitioner filed a third-party complaint against respondent.[2] Respondent moved to dismiss. Following a hearing on February 21, 2013, the circuit court dismissed with prejudice petitioner's third-party complaint against respondent based on the doctrine of absolute prosecutorial immunity. The circuit court explained

---

[1] By an order entered May 30, 2013, this Court ordered a transcript of the February 21, 2013 hearing on respondent's motion to dismiss be prepared and then delivered to petitioner. However, on August 5, 2013, petitioner wrote the Court that he did not intend to file an appendix. Therefore, the Court does not address the February 21, 2013 hearing transcript herein.

[2] At the time of his third-party complaint, the criminal charges against petitioner were still pending. Petitioner also filed his third-party complaint against the West Virginia State Police and Randy Holcomb, former Sheriff of Clay County. However, this appeal is concerned only with respondent's dismissal.

that petitioner's allegations against the Prosecuting Attorney "were intricately associated with the judicial process." Petitioner now appeals the circuit court's April 4, 2013, dismissal with prejudice of respondent.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner argues that in *Jarvis v. West Virginia State Police*, 227 W.Va. 472, 711 S.E.2d 542 (2010), this Court ruled that a claim could be pursued against a state actor if an indictment was procured by fraud, perjury, or falsified evidence. Respondent counters that *Jarvis* addressed police officers' qualified immunity, and not the immunity of prosecutors who are absolutely immune from suit. This Court finds that respondent's argument is the more persuasive because the Court in *Jarvis* found that a similar cause of action was better characterized as an action for "retaliatory inducement to prosecute" by a non-prosecutor such as a law enforcement official who influences the prosecutorial decision. The Court stated that, strictly speaking, there would never be a cause of action for "retaliatory prosecution" because "[an] action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute." 227 W.Va. at 478, 711 S.E.2d at 548 (quoting *Hartman v. Moore,* 547 U.S. 250, 261-62, 126 S.Ct. 1695, 1704, 164 L.Ed.2d 441, 454 (2006)). (Footnote omitted.) "[A]bsolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously[.]" 227 W.Va. at 478 n. 5, 711 S.E.2d at 548 n. 5 (quoting *Mooney v. Frazier,* 225 W.Va. 358, 370 n. 12, 693 S.E.2d 333, 345 n. 12 (2010)). Therefore, this Court finds that petitioner's third-party complaint against respondent failed as a matter of law.

Because of absolute prosecutorial immunity, any claim petitioner would have against respondent in connection with the prosecutorial process would fail as a matter of law. Accordingly, this Court further finds that petitioner's alternative argument, that the dismissal of his third-party complaint should be designated "without prejudice," is totally devoid of merit. This Court concludes that the circuit court did not err in dismissing the complaint with prejudice.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II